UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK A. SCHULTZ,

Plaintiff,

v. Case No. 26-CV-1393

JOHN DOE,

Defendant.

---

**ORDER**

---

Plaintiff Mark A. Schultz, a state prisoner who is currently representing himself, filed a complaint under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). The Prison Litigation Reform Act applies to this case because Plaintiff was incarcerated when he filed his complaint. Under the PLRA, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), a court "must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA." *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that Plaintiff has accumulated three strikes: (1) *Schultz v. Boyea*, No. 25-cv-1335-BHL (E.D. Wis.) (dismissed for failure to state a claim on February 18, 2026);

(2) *Schultz v. Slaets*, No. 25-cv-1736-BHL (E.D. Wis.) (dismissed for failure to state a claim on April 24, 2026); and (3) *Schultz v. Hermitanio*, No. 26-cv-718-BHL (E.D. Wis.) (dismissed for failure to state a claim on July 30, 2026).

Because Plaintiff has previously filed three actions which were dismissed as frivolous, malicious, or for failure to state a claim, the Court must deny his motion for leave to proceed without prepayment of the filing fee unless he is under imminent danger of serious physical injury. In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann*, 337 F.3d at 782).

Plaintiff asserts that Defendant sexually abused him when Defendant grabbed Plaintiff's genitals during a pat search in February or March 2026. (ECF No. 1 at 2–3.) None of the allegations contained in Plaintiff's complaint demonstrate that he is in imminent danger of serious physical injury, so he is not eligible for the "imminent danger of serious physical injury" exception to the "three strikes" provision under 28 U.S.C. § 1915(g).

Because Plaintiff has struck out and his allegations do not give rise to a reasonable inference that he is in imminent danger of serious physical injury, the Court will deny his motion for leave to proceed without prepayment of the filing fee. If Plaintiff wants to proceed with this case, he must pay the $405 civil case filing fee by **October 8, 2026**. If he is unable to pay the full

filing fee by the deadline, the Court will dismiss this case without prejudice and, pursuant to 28 U.S.C. § 1915(b)(1), will require Plaintiff to pay the $350 statutory filing fee over time in the manner set forth in the statute.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that, if Plaintiff wants to proceed with this case, he must make arrangements to pay the $405 filing fee by **October 8, 2026**. If the Court receives the filing fee by the deadline, the Court will screen the complaint as required by 28 U.S.C. § 1915A. If the Court does not receive the filing fee by the deadline, the Court will dismiss this case without prejudice.

Dated at Green Bay, Wisconsin on September 8, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge